IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL RANIERI** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **DR. R. PHILLIPS** | : | **NO.  17-1075** |

### MEMORANDUM

**SLOMSKY, J.**                                                                                        **MARCH 1/21, 2017**

Plaintiff Daniel Ranieri filed a motion to proceed *in forma pauperis* and a complaint against Dr. R. Phillips, who the complaint identifies as the Medical Director at the George W. Hill Correctional Facility (GWHCF).  The instant civil action is the second lawsuit plaintiff has filed in this Court pursuant to 42 U.S.C. § 1983 challenging the medical care he received—or lack thereof—during the course of his recent incarceration at GWHCF.  For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I.     FACTS

The complaint reflects that the events giving rise to plaintiff's claims took place from April 15, 2015 through December 4, 2015, and February 12, 2016 through May 10, 2016, during his incarceration at GWHCF.  Plaintiff alleges that, although prison officials at GWHCF were aware that he has hepatitis C, he was never given treatment, which caused him to develop cirrhosis of the liver.  He also alleges that he was transferred from GWHCF to another facility "without any medication cold turkey," which nearly killed him.  (Compl. at 6-A.)  Plaintiff adds that he was given five different pills daily "without having been diagnosed for why [he] was given them," and that Dr. Phillips and his staff were responsible for ordering those medications.  (*Id.* at 3.)

1

Plaintiff indicates that he wrote several grievances to Dr. Phillips and the Warden, but never received a response.

Plaintiff filed this lawsuit approximately five weeks after the Court dismissed his previously-filed lawsuit, *Ranieri v. Byrne*, E.D. Pa. Civ. A. No. 16-2686. The complaint in Civil Action Number 16-2686 raised claims pursuant to § 1983 against Warden David Byrne and the "Medical Director for George W. Hill Correctional Facility." The complaint challenged the adequacy of medical care that plaintiff received at GWHCF from April 15, 2015 through May 10, 2016—the length of his incarceration. Plaintiff alleged that the defendants failed to treat his hepatitis C for most of his incarceration, failed to transfer his medical records to another prison in Delaware, treated him for conditions he did not have, and only took action when he experienced life threatening problems.

The defendants moved to dismiss the complaint and the Court held a hearing on the motion. After considering the complaint, other documents plaintiff filed in the case, and statements that plaintiff made at the hearing, the Court concluded that plaintiff at most established dissatisfaction with the level of care at GWHCF rather than the defendants' deliberate indifference to his serious medical needs. The Court also concluded that amendment would be futile and dismissed all of plaintiff's claims against the Warden and Medical Director in their entirety. The complaint and attachments to the complaint in the instant case, Civil Action Number 17-1705, acknowledge the dismissal of plaintiff's complaint in Civil Action Number 16-2686.[1]

## II.    STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. §

---

[1] Attachments to the complaint also reflect that plaintiff filed a case against Dr. Phillips in state court, which is scheduled for an arbitration hearing in July.

1915(e)(2)(B)(i) and (ii) require the Court to dismiss the complaint if it is frivolous, malicious, or fails to state a claim. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.  DISCUSSION

It is apparent that the complaint in this case raises the same claims that the Court dismissed in Civil Action Number 16-2686. If plaintiff disagreed with the Court's dismissal of his claims, he could have filed an appeal. He may not, however, initiate a new civil action to circumvent the dismissal of his first complaint. *See Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977) (en banc) ("[T]he court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints."); *Sendi v. NCR Comten, Inc.*, 624 F. Supp. 1205, 1207 (E.D. Pa. 1986) ("[T]he fact that plaintiff was denied leave to amend does not give him the right to file a second lawsuit based on the same facts."). Accordingly, the Court will dismiss the complaint because it duplicates previously litigated claims.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint as duplicative, pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff will not be given leave to amend because amendment would be futile. An appropriate order follows.